AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>A grey 2019 Ford F150 bearing Arizona license plate number MDA1B8A. | Case No. 24-04182 MB |

**SEARCH AND SEIZURE WARRANT**

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before    June 25, 2024    *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for  30  days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _____

*Camille D. Bibles* Digitally signed by Camille D. Bibles
Date: 2024.06.11 12:59:16 -07'00'

*Judge's signature*

City and state: <u>Flagstaff, Arizona</u>     <u>Honorable Camille D. Bibles, U.S. Magistrate Judge</u>
*Printed name and title*

## ATTACHMENT A

*Property to Be Searched*

A grey Ford F150 bearing Arizona license plate number MDA1B8A, vehicle identification number unknown.





## **ATTACHMENT B**

### *Property to be seized*

1. Any evidence of assault, including but not limited to blood evidence, dried blood, biological substances that appear to be blood, which may be found on surfaces in the interior of the vehicle.

2. Any firearm, ammunition, bullet cartridge casings, or magazines, or weapon or items that could be used as a weapon or pieces/parts of a weapon related to the homicide/assault investigation.

3. Any alcohol, drugs, or paraphernalia of either drugs or alcohol.

4. Electronic communication devices, including, but not limited to cellular telephones, tablets, and associated removable media (such as SIM or removable memory cards), believed to have belonged to or to have been used by the occupants.

5. Indicia of ownership, occupancy, and/or use of the vehicle, including mail showing a person's address, receipts, vehicle title, registration, identification cards, personal property such as clothing, and photographs of the items inside the vehicle.

6. Any safe or secured storage containers that may contain any of the aforementioned items to be seized.

7. Photographs and/or video of the vehicle and the items seized.

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>a grey 2019 Ford F150 bearing Arizona license plate number MDA1B8A. | Case No.  24-04182 MB |

**APPLICATION FOR A SEARCH WARRANT**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**As further described in Attachment A**

located in the District of Arizona, there is now concealed:

**As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1153 and 1111 | CIR-Second Degree Murder |
| 18 U.S.C. §§ 1153 and 113(a)(6) | CIR-Assault Resulting in Serious Bodily Injury |

The application is based on these facts:

**See attached Affidavit of Special Agent Kara Kesler**

☒ Continued on the attached sheet.
☐ Delayed notice of  30  days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Genevieve A. Ozark

Kesler.Kara.Suzanne.H37T80O55  *Digitally signed by Kesler.Kara.Suzanne.H37T80O55 Date: 2024.06.11 10:33:19 -07'00'*

*Applicant's Signature*

Kara Kesler, Special Agent, Federal Bureau of Investigation
*Printed name and title*

Sworn to telephonically.

**Camille D. Bibles**  *Digitally signed by Camille D. Bibles Date: 2024.06.11 12:58:56 -07'00'*

Date: _____

*Judge's signature*

City and state: Flagstaff, Arizona

Honorable Camille D. Bibles, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

*Property to Be Searched*

A grey Ford F150 bearing Arizona license plate number MDA1B8A, vehicle identification number unknown.





## ATTACHMENT B

### *Property to be seized*

1. Any evidence of assault, including but not limited to blood evidence, dried blood, biological substances that appear to be blood, which may be found on surfaces in the interior of the vehicle.

2. Any firearm, ammunition, bullet cartridge casings, or magazines, or weapon or items that could be used as a weapon or pieces/parts of a weapon related to the homicide/assault investigation.

3. Any alcohol, drugs, or paraphernalia of either drugs or alcohol.

4. Electronic communication devices, including, but not limited to cellular telephones, tablets, and associated removable media (such as SIM or removable memory cards), believed to have belonged to or to have been used by the occupants.

5. Indicia of ownership, occupancy, and/or use of the vehicle, including mail showing a person's address, receipts, vehicle title, registration, identification cards, personal property such as clothing, and photographs of the items inside the vehicle.

6. Any safe or secured storage containers that may contain any of the aforementioned items to be seized.

7. Photographs and/or video of the vehicle and the items seized.

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

**ELECTRONICALLY SUBMITTED AFFIDAVIT**

I, FBI Special Agent Kara Kesler, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. Your Affiant makes this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the grey 2019 Ford F150 bearing Arizona license plate number MDA1B8A (the "**Subject Vehicle**"), as further described in Attachment A, to search for and seize the items outlined in Attachment B, which represent evidence and/or instrumentalities of the criminal violation further described below. I submit that there is probable cause to believe that the **Subject Vehicle** contains evidence of violations of 18 U.S.C. §§ 1153 and 1111 (CIR-Second Degree Murder) and 18 U.S.C. §§ 1153 and 113(a)(6) (CIR-Assault Resulting in Serious Bodily Injury).

2. I am a Special Agent ("SA") for the Federal Bureau of Investigation ("FBI") and have been so employed since April of 2023. As a Special Agent of the FBI, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code (U.S.C.), Section 2510(7), that is, I am an officer of the United States who is authorized by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18. I have received training on and have experience in investigating all manner of violent crimes on an Indian reservation. I am currently assigned to the Flagstaff Resident Agency. In the course of my official duties, I am charged with investigating crimes occurring on the Navajo Nation Indian Reservation ("Navajo Nation") within the District of Arizona. Based on my training, education, and experience, I know that the Navajo Nation is a federally recognized tribe.

3. The facts in this affidavit are based upon my own investigation, my training and experience, the investigation of other federal agents and law enforcement officers, either directly or indirectly through their reports or affidavits. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all information known to law enforcement at this time.

4. Based on the facts set forth in this affidavit, my training and experience, and in consultation with other experienced investigators, I submit there is probable cause to believe that within the **Subject Vehicle** there is evidence and/or instrumentalities of a violations of 18 U.S.C. §§ 1153 and 1111 (CIR-Second Degree Murder) and 18 U.S.C. §§ 1153 and 113(a)(6) (CIR-Assault Resulting in Serious Bodily Injury). I also submit there is probable cause to search the vehicle described in Attachment A for the evidence and/or instrumentalities as further described in Attachment B.

## INVESTIGATION/PROBABLE CAUSE

5. On January 30, 2024, FBI SA Brian McGrew was notified by Navajo Nation Criminal Investigator (CI) Albert Nez that T.N. was shot in Kaibeto, Arizona ("AZ") near a local marketplace, within the geographical boundaries of the Navajo Nation Reservation. T.N. was found by a passing bystander, B.B., who told law enforcement that T.N. stated he was hit by a vehicle and that his leg was broken. When Navajo Nation Police Department arrived on scene, they observed gunshot wounds to T.N.'s legs. T.N. was medically evacuated to the Flagstaff Medical Center in Flagstaff, AZ where he died.

6. On February 2, 2024, Navajo Nation Police Department received a call from Daniel Nelson reporting that he had information regarding a shooting incident that occurred on January 30, 2024 in Kaibeto, AZ.

7. On February 7, 2024, Daniel Nelson ("Daniel") was interviewed by Navajo Nation Police Officer Arlin Manygoats. During this interview, Daniel stated that his brother, Tom Nelson Jr. ("NELSON"), told him that he picked up their nephew, T.N., and gave him a ride from Page, AZ to Kaibeto, Arizona. NELSON said that when T.N. left the vehicle, NELSON found out that T.N. stole some alcoholic beverages and food from NELSON's truck. NELSON said he looked for T.N. and found him on the street, and he shot T.N. in the leg. During the interview, Daniel provided an iPod to Officer Manygoats that he said contained a video recording of NELSON admitting to shooting T.N.

8. On February 21, 2024, I interviewed Daniel and obtained written consent to search his iPod for the recording of NELSON admitting to shooting T.N. During the interview, Daniel stated that he recorded NELSON with his iPod in his shirt pocket on January 31, 2024, while Daniel and NELSON were at their parents' residence. Daniel identified their parents' house by providing its GPS Coordinates: 36°57'36"N 110°51'48"W. Daniel stated that NELSON is paid to be the caretaker of their elderly parents; as part of his caretaking responsibilities, NELSON goes to his parents' home each morning to take care of them. Daniel said that after the shooting occurred that evening, he saw NELSON at their parents' home as NELSON was assisting their parents with getting to bed.

9. Additionally, during his interview, Daniel stated that that NELSON sells alcohol and drugs, and that NELSON has two safes: one at his residence, and one at his parents' residence. Daniel identified NELSON's house by providing the following GPS Coordinates: 36°58'48"N 110°55'14"W. Daniel also stated that NELSON stores drugs and firearms in the safe at their parents' house, and that NELSON and his wife, Brooklyn Nelson, hide drugs in a grey diaper bag.

3

Daniel added that NELSON possesses various firearms and has stood in a truck bed holding a firearm as he was driven around Daniel's residence. Daniel stated that it is normal for NELSON to drive around with a firearm in his vehicle.

10. On April 11, 2024, FBI Computer Analysis Response Team examiner SA Joshua Arndt extracted the data from Daniel's iPod. On April 17, 2024, I reviewed the recording Daniel made on his iPod. The recording contained statements by NELSON admitting to shooting T.N. Specifically, NELSON stated that he "pulled that .22 out" and told T.N., "Fuck you [T.N.], you stole my shit." NELSON then stated that "[T.N.] ran at me and swung at me so I stepped back like this and pulled that out…and boom, you gonna fucking fight with me I ain't got time for that, I'm too old." NELSON also said that he "shot him in the leg," referring to T.N.

11. On April 22, 2024, Coconino County, Arizona Office of the Medical Examiner issued a final report classifying T.N.'s death as a homicide attributed to gunshot wounds to the left thigh and right knee area. T.N. was identified through fingerprint analysis.

12. On May 31, 2024, Daniel provided me with images of the two vehicles NELSON is known to drive. One image shows a white GMC Sierra bearing Arizona license plate number T9A4BF, and the other image shows the **Subject Vehicle** (a grey Ford F150 bearing Arizona license plate number MDA1B8A).

13. On June 3, 2024, I reviewed NELSON's vehicle registration records and identified two Ford F150 trucks, and one GMC Sierra truck registered to NELSON. The GMC Sierra is registered with Arizona license plate BVA3CJ, and the Ford F150s are registered with license plate numbers T9A4BF and MDA1B8A. It therefore appears that NELSON removed plate number T9A4BF from one of the Ford F150s and put it on the GMC Sierra. Because NELSON apparently switched license plates from the vehicle they are registered to, I cannot utilize vehicle registration

information to confirm the vehicle identification number of the Ford F150 truck further described in Attachment A.

14. As evidenced by his Certificate Degree of Indian Blood, NELSON is an enrolled member of the Navajo Nation Indian Tribe, which is a federally recognized tribe.

15. On May 21, 2024, a federal grand jury returned an indictment charging NELSON with CIR-Second Degree Murder, in violation of 18 U.S.C. §§ 1153 and 1111.

## ITEMS TO BE SEARCHED FOR AND SEIZED

16. Based upon the facts contained in this Affidavit, I submit there is probable cause to believe that the items listed in Attachment B will be found in the **Subject Vehicle**, described in Attachment A.

17. Based on my training, education, and experience, along with information provided by D.N.A, I believe that items and/or evidence related to the shooting of T.N. may be found in the **Subject Vehicle**. I seek permission to search the **Subject Vehicle** for the firearm-related evidence pertaining to the homicide of T.N. I further request to seize documents related to indicia of ownership and/or occupancy.

18. Based on my knowledge, training, education, and experience, suspects often leave behind evidence from the commission of the offenses they commit. Thus, I am seeking a warrant to search for evidence related to death investigation of T.N., including the recovery of any DNA evidence, blood evidence, clothing, bullets, spent shell casings, and any weapon to include firearms related to the death investigation of T.N. as further described in Attachment B.

19. Additionally, based on my training and experience, it is also known that indicia of ownership and/or occupancy is important in a criminal case. Such information may help establish (among other things) potential suspects and potential witnesses. It also can establish or help establish possession or control of the premises, knowledge, and intent. Based on my training and

experience, indicia of ownership and occupancy includes such things as: mail (e.g., bills) showing a person's address; ownership documents such as deeds, tax documents, or bills of sale; leases or rental documents; identification cards; and photographs of the owners and/or occupants at or within the house or residence.

20. Additionally, based on my training and experience, I also know that those involved in committing a crime and then fleeing the scene may use cellular devices to aid in their escape, or communicate information related to the crime they committed. This includes but is not limited to text message communications, telephone calls, and location information. Thus, I also request to seize electronic communication devices, including but not limited to cellular telephones, tablets, and associated removable media (such as SIM or removable memory cards) believed to have belonged to or to have been used by the occupants.

21. I know that when an individual uses certain electronic storage media, the electronic storage media may serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The electronic storage media is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic storage media is also likely to be a storage medium for evidence of the crime. From my training and experience, I believe that electronic storage media used to commit a crime of this type may contain data that is evidence of how the electronic storage media was used; data that was sent or received; notes as to how the criminal conduct was achieved; records of Internet discussions about the crime; and other records that indicate the nature of the offense.

22. Based on my knowledge, training, and experience, I know that electronic storage media contain electronically stored data, including, but not limited to records related to communications made to or from the electronic storage media, such as the associated telephone numbers or account identifiers, the dates and time of the communications; names and telephone

numbers stored in electronic "address books;" photographs, videos, and audio files; stored dates, appointments, and other information on personal calendars; notes, documents, or text files; information that has been accessed and downloaded from the Internet; and global positioning system ("GPS") information.

23. Based on my knowledge, training, and experience, I know that electronic files or remnants of such files can be recovered months or even years after they have been downloaded onto an electronic storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on an electronic storage medium, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

24. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the electronic storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

25. If such electronic devices are found and seized, and consent cannot be obtained, I would seek a separate warrant to search any devices seized.

26. The things to be searched for and seized are described further in Attachment B.

## CONCLUSION

27. This affidavit is sworn telephonically before a United States Magistrate Judge legally authorized to administer an oath for this purpose.

28. Based on the information in this affidavit, I respectfully submit there is probable cause to believe that evidence described in **Attachment B** supporting an investigation related to

violations of 18 U.S.C. §§ 1153 and 1111 (CIR-Second Degree Murder) and 18 U.S.C. §§ 1153 and 113(a)(6) (CIR-Assault Resulting in Serious Bodily Injury) will be found in the premises described in **Attachment A**.

29. **Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct to the best of my knowledge and belief.**

Kesler.Kara.Suzanne.H37T80O55
Digitally signed by Kesler.Kara.Suzanne.H37T80O55
Date: 2024.06.11 10:58:00 -07'00'

Kara Kesler
Special Agent, FBI

Date

Sworn by Telephone

Date/Time:

Camille D. Bibles
Digitally signed by Camille D. Bibles
Date: 2024.06.11 12:58:34 -07'00'

Hon. Camille D. Bibles
United States Magistrate Judge

8